NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

MARTIN ARTURO MERAZ-OCHOA,
*Appellant*.

No. 1 CA-CR 19-0208
1 CA-CR 19-0209
(Consolidated)

FILED 7-30-2020

Appeal from the Superior Court in Maricopa County
No.  CR2013-447183-001
CR2018-001864-001
The Honorable Warren J. Granville, Judge *Retired*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

**W E I N Z W E I G**, Judge:

¶1      Martin Arturo Meraz-Ochoa appeals the revocation of his supervised probation and his convictions and sentences for Theft of Means of Transportation and Possession of a Manipulation Key. Meraz-Ochoa's counsel avows he searched the record and found no arguable, non-frivolous question of law. Defense counsel then filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error. Meraz-Ochoa had the opportunity to file a supplemental brief but did not. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2      Meraz-Ochoa was sentenced in 2014 to three years' probation for Aggravated Driving or Actual Physical Control While Under the Influence of Intoxicating Liquor or Drugs. The conditions of probation required Meraz-Ochoa to "maintain a crime-free lifestyle, by obeying all laws and not engaging or participating in any criminal activity."

¶3      Within the probation period, a police officer spotted Meraz-Ochoa driving a stolen car in downtown Phoenix and followed to a residence where Meraz-Ochoa parked and exited the vehicle. Meraz-Ochoa was arrested with a "manipulation key" in his possession. He claimed "he was at a liquor store when some dude rolled up with [the] vehicle and gave it to him." Meraz-Ochoa was later indicted on two felony counts of theft of means of transportation, A.R.S. § 13-1814(A)(5), and possession of burglary tools, specifically a manipulation key, A.R.S. § 13-1505(A)(2), -(B)(2). His probation officer also moved to revoke probation, alleging that Meraz-Ochoa violated the terms of his probation.

¶4      Meraz-Ochoa was tried before an eight-member jury. The State called the arresting officer and a witness who saw and identified Meraz-Ochoa as the individual driving the stolen vehicle from its original parked location. Meraz-Ochoa called his fiancé and a handyman. The jury

convicted Meraz-Ochoa on both felony counts. His probation officer testified in the aggravation phase. The jury found that Meraz-Ochoa committed both offenses on probation.

¶5        The superior court enhanced Meraz-Ochoa's sentence based on four prior felony convictions. Meraz-Ochoa was sentenced to the presumptive term of 11.25 years' incarceration for Theft of Means of Transportation and the presumptive term of 3.75 years' incarceration for Possession of a Manipulation Key, each running concurrently. The court also sentenced him to one year of incarceration for the probation violation, with 336 days of presentence incarceration credit, to run consecutively with the other sentences. Meraz-Ochoa timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶6        We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶7        Meraz-Ochoa was represented by counsel at all stages of the proceedings against him. Meraz-Ochoa was present at all stages of the proceedings, except (1) a pretrial hearing at which he thought his attendance was not required, but the superior court reset the hearing for a later time, and (2) when defense counsel waived his presence during the aggravation phase. The record reflects that the superior court afforded Meraz-Ochoa all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. The sentences fall within the range prescribed by law, with sufficient credit given for presentence incarceration.

## CONCLUSION

¶8        Meraz-Ochoa's convictions and sentences are affirmed. Counsel's obligations in this appeal will end once Meraz-Ochoa is informed of the outcome and his future options, unless counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Meraz-Ochoa has

30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA